**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**v.**                                   **CASE NO. 4:02-CR-00132 GTE**
                                         **CASE NO. 4:04-CV-01364 GTE**

**KELLY FLANNERY**                                                              **DEFENDANT**

**ORDER ON MOTION UNDER 28 U.S.C. § 2255**

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence, filed by

Defendant Kelly Flannery. Mr. Flannery pled guilty to a violation of 18 U.S.C. §§ 844(e) & 2.[1]

On September 10, 2003, Mr. Flannery was sentenced as a career offender, pursuant to United

States Sentencing Guidelines § 4B1.1,[2] to 120 months incarceration and three years of supervised

release. Mr. Flannery appealed the sentence on the grounds that he was improperly classified as a

career offender and improperly denied an acceptance-of-responsibility reduction. On July 27,

2004, the Eighth Circuit Court of Appeals issued a *per curiam* decision affirming the sentence.

---

[1] Defendant pled to Count One of the Superseding Indictment:

> On or about December 3, 2001 in the Eastern District of Arkansas, Kelly Flannery [and
> others] aiding and abetting one another did, through the use of the telephone, willfully
> make a threat and maliciously conveyed false information knowing the same to be false,
> concerning an attempt and alleged attempt to be made to damage and destroy the Greene
> County Courthouse by means of an explosion.

[2] According to the presentence investigation report, Mr. Flannery had ten convictions within fifteen years of
the instant offense and that at least two of those convictions were for controlled substance offenses. Pursuant to the
United States Sentencing Guidelines, an individual is deemed a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed
> the instant offense of conviction;
> (2) the instant offense of conviction is a felony that is either a crime of violence or a
> controlled substance offense; and
> (3) the defendant has at least two prior felony convictions of either a crime of
> violence or a controlled substance offense.

U.S.S.G. § 4B1.1 (a).

- 1 -

(Dkt. # 156).

Mr. Flannery now seeks relief under 28 U.S.C. § 2255, requesting that he be sentenced to forty-one months imprisonment, or, in the alternative, permitted to withdraw his plea and plea anew. This Motion alleges the following grounds: (1) the sentence imposed exceeds the statutory maximum sentence; (2) the Court violated Fed. R. Crim. P. 11; (3) ineffective assistance of counsel; (4) breach of the plea agreement by the United States and by the Court.

### Ground I: Sentence Exceeds the Statutory Maximum

Defendant argues that his sentence of 120 months imprisonment and thirty-six months of supervised release exceeds the statutory maximum sentence of 120 months. According to 18 U.S.C. § 844(a)(1), "any person who – violates any of subsections (a) through (i) or (l) through (o) of section 842 shall be fined under this title, imprisoned for not more than 10 years, or both". Defendant is arguing that a term of supervised release should be counted as part of the maximum term of imprisonment. This argument has no merit.

18 U.S.C. § 3583 authorizes the imposition of a term of supervised release after imprisonment, the length of which is dependent upon the severity of the offense. While supervised release is part of the sentence, it is not a term of imprisonment. It is well established that a term of supervised release is imposed in addition to the statutory maximum period of imprisonment for the offense. *See*, *e.g.*, *U.S. v. Montenegro-Rojo*, 908 F.2d 425, 432 (9th Cir. 1990).

### Ground II: The District Court Violated Fed. R. Crim. P. 11

Mr. Flannery contends that the Court failed to warn "that he would not have the right to

withdraw his plea even if the judge failed to accept the recommended sentence under the plea

agreement by the Court." (Dkt. #170, p. 7). While Plaintiff has not cited the specific Rule

section, it appears that Plaintiff is invoking Fed. R. Crim. P. 11. Under Rule 11(c)(3)(B),

> To the extent the plea agreement is of the type specified in Rule
> 11(c)(1)(B), the court must advise the defendant that the defendant
> has no right to withdraw the plea if the court does not follow the
> recommendation or request.

Rule 11(c)(1)(B) states: "the plea agreement may specify that an attorney for the government will

. . . recommend, or agree not to oppose the defendant's request, that a particular sentence or

sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or

policy statement, or sentencing factor does or does not apply (such a recommendation or request

does not bind the court)".

It is clear from the record that the plea agreement signed by Defendant is not of the type

specified in Rule 11(c)(1)(B). The plea agreement contains stipulations as to certain offense

characteristics, but no recommendation or request with respect to any sentence may be found

therein. As no particular sentence was within the contemplation of the parties at the time

Defendant signed the plea agreement, Rule 11(c)(3)(B) does not apply. The Court also notes that

at the change-of-plea hearing, Defendant stated that no threats or promises, other than those

included in the plea agreement, had been made to induce his plea of guilty, so Defendant cannot

now say that he understood there to be an agreed-upon sentence not specifically

Even if the Court did fail to make a Rule 11 warning, Fed. R. Crim. P. 11(h) states: "A

variance from the requirements of this rule is harmless error if it does not affect substantial

rights." Indeed, the United States Supreme Court has held: "It is only for certain structural errors

undermining the fairness of a criminal proceeding as a whole that even preserved error requires

reversal without regard to the mistake's effect on the proceeding." *United States v. Dominguez*

*Benitez*, 542 U.S. 74, 124 S.Ct. 2333 (2004). The Supreme Court articulated the standard to be

applied:

> a defendant who seeks reversal of his conviction after a guilty plea,
> on the ground that the district court committed plain error under
> Rule 11, must show a reasonable probability that, but for the error,
> he would not have entered the plea. A defendant must thus satisfy
> the judgment of the reviewing court, informed by the entire record,
> that the probability of a different result is "'sufficient to undermine
> confidence in the outcome'" of the proceeding.

*Id.* 124 S.Ct. at 2340.

Here, Defendant has failed to meet his burden of proof. Defendant presents nothing to

show a reasonable probability that he would not have entered a guilty plea or that he was

confused about his plea or the sentencing process, and the Court finds nothing in the record to

support such an inference. Indeed, given Defendant's statements at the plea hearing, there is

every reason to believe that he would have pled guilty even if the Court gave a Rule 11(c)(3)(B)

warning. It is clear that Defendant was cognizant of the maximum possible prison sentence, that

his criminal record would determine the applicable Guideline sentence, that the appropriate

sentence is within the sole discretion of the Court,[3] that by pleading guilty he was waiving his

right to a trial, and that the plea hearing essentially would be "his day in court". Furthermore,

after the presentence investigation report recommended that Defendant be classified as a career

offender, at no time did Defendant attempt to withdraw his plea. At the sentencing hearing,

defense counsel objected to the manner in which Mr. Flannery's criminal history was computed,

---

[3] The plea agreement reiterated this notion:

> It is specifically understood by the defendant that the sentence is subject to the
> Sentencing Guidelines. The United States has informed the defendant that the
> determination of the applicability of the Guidelines and of the appropriate
> sentence is within the sole discretion of the District Court.

(Plea Agreement, ¶ 6, Dkt. #117).

but made no other objections to the application of the career offender provision. As Mr. Flannery

was made aware of the factors that weigh upon the Court's considerations for sentencing as well

as the possible maximum term of imprisonment, the Court concludes that the probability of a

different result at the plea hearing is not "sufficient to undermine the confidence in the outcome"

of that hearing. *Cf. United States v. McCarthy*, 97 F.3d 1562 (8th Cir. 1996) ("Under the facts of

this case, we conclude that if the district court erred in failing to give the required Rule 11(e)(2)

warning, the error was harmless. We reach this conclusion because, after fully and carefully

reviewing the record, we believe that even if Thompsen would have been given a Rule 11(e)(2)

warning, he still would have pleaded guilty, because the warning would have added precious

little to the knowledge he already possessed about the plea process.").

### *Ground III: Ineffective Assistance of Counsel*

Mr. Flannery argues that he was denied effective assistance of counsel because he was not

advised of the applicability of the career offender provision. "To establish an ineffective

assistance of counsel claim, a defendant must show that (1) 'counsel's representation fell below

an objective standard of reasonableness' and (2) that such failure prejudiced him in that 'there is

a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different.'" *Thomas v. United States*, 27 F.3d 321, 325 (8th Cir. 1994) (*quoting*

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052).

Even if Mr. Flannery's counsel failed to advise him of the career offender provision, his

counsel reviewed the applicable law and guidelines and presented arguments objecting to the

application of the career offender provision on several grounds. While Mr. Flannery contends

that he would not have accepted the plea agreement had he been properly advised, subsequent to

learning that he would be sentenced as a career offender, Mr. Flannery did not attempt to

withdraw his guilty plea nor did he object to the effectiveness of his counsel at the sentencing

hearing. Even when he appealed his sentence to the Eighth Circuit, he only challenged the

applicability of the career offender provision. Only now, after that appeal has failed, does Mr.

Flannery challenge his counsel's service as defective. The Eighth Circuit considered

circumstances substantially similar to the facts at bar, and the Court of Appeals held, "In these

circumstances, the failure of [defendant's] lawyer to inform him of [the possibility that he might

be treated as a career offender] did not establish that his lawyer's 'representation fell below an

objective standard of reasonableness'". *Thomas*, 27 F.3d at 326. The Court finds that Mr.

Flannery failed to show that his counsel provided unreasonable representation or that the result of

the proceeding would have been different but for his counsel's alleged errors.

### *Ground IV: Breach of the Plea Agreement*

Mr. Flannery argues that the United States breached the terms of the plea agreement by

arguing for a two-level enhancement based upon his role in the underlying offense. This claim is

meritless. The stipulated terms of the plea agreement clearly state: "The defendant shall receive a

two level increase for role in the offense." (Plea Agreement, p. 2, Dkt. #117). As Defendant

stipulated to this two level enhancement, the Court finds that there was no violation of the terms

of the plea agreement by the United States in this regard.

The Court rejects the argument that the Court breached the terms of the plea agreement.

The Court is not a party to the agreement and, as stated therein, the Court is not bound by its

terms. Additionally, Mr. Flannery's arguments here simply mirror his allegations that the Court

violated Rule 11.

- 7 -

IT IS THEREFORE ORDERED that the Motion to Vacate, Set Aside, or Correct

Sentence Under 28 U.S.C. § 2255 (Dkt. #170) shall be, and it is hereby, DENIED.


Dated this 10th day of November, 2005.


        _/s/Garnett Thomas Eisele_____
        UNITED STATES DISTRICT JUDGE