# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

**UNITED STATES OF AMERICA**

v.                                    **CASE NO. 4:02-CR-00132 GTE**

**KELLY FLANNERY**

## ORDER

Presently before the Court is Defendant's *pro se* Motion for Resentencing Pursuant to 18 U.S.C. § 3582(c)(2).

On May 28, 2003, Defendant pled guilty to Aiding and Abetting Making a Threat by Telephone, in violation of 18 U.S.C. §§ 844(e) & (2), which carries a maximum statutory penalty of 10 years' imprisonment.  On September 10, 2003, Defendant was sentenced to 120 months' imprisonment, 3 years of supervised release with conditions, and a $100 special assessment.

On June 11, 2008, Defendant filed a motion seeking a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  Defendant states that the motion is based on Guideline Amendment Twelve and its impact on the calculus of the Base Offense Level contained in U.S.S.G. §§ 4A1.1 and 4A1.2(c)(1) or (2).  However, the amendment upon which Defendant relies is actually Amendment 709, the amendment under which the proposed Amendment 12 became effective that went into effect on November 1, 2007.  *See* U.S.S.G. § 4A1.2(c) (2007), historical note; U.S.S.G. App. C, Amendment 709 (2007).

"[A]mendments claimed in § 3582(c)(2) motions may be retroactively applied solely where expressly listed under § 1B1.10(c)." *United States v. Armstrong*, 347 F.3d 905, 909 (11th

1

Cir. 2003) (citing *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997).  Amendment 709 is not listed in section 1B1.10(c), and therefore, may not be applied retroactively on a § 3582(c)(2) motion.  Therefore, Petitioner's motion is denied.

Accordingly,

IT IS THEREFORE ORDERED THAT  Defendant's *pro se* Motion for Resentencing (Docket No. 179) be, and it is hereby, DENIED.

Dated this 12th day of June, 2008.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE